OPINION OF THE COURT
Memorandum.
Judgment convicting defendant of violating section 190-3.2 (A) of the Code of the Village of Thomaston affirmed.
Judgment convicting defendant of violating section 91-14 of the Code of the Village of Thomaston reversed on the law, accusatory instrument dismissed and fine, if paid, remitted.
Section 190-3.2 (A) of the Code of the Village of Thomaston, entitled “Removal of street trees,” states that no person shall remove or substantially alter the habit of any tree located within a public right-of-way or in a park without first obtaining a permit. The terms “habit” and “substantial alteration” are defined in section 190-2 of the Code as follows:
“HABIT — The natural growing characteristics of any tree, and includes branch spread and distribution, branch heights above ground and root spread and distribution. . . .
“SUBSTANTIAL ALTERATION — Any cutting, pruning, elevating or other alteration of the habit of a tree which impairs or endangers the life of such tree or destroys its natural symmetry, and includes but is not limited to heavy or unnecessary cutting of top branches (topping), cutting of major lower limbs (sever [sic] elevating) and drastic pruning, but shall not include customarily accepted or ornamental procedures.”
The evidence, as relevant to said charge, established that the trees in issue were located on Village property and that the fresh cuts, as shown in the photographs admitted into evidence, were done at defendant’s direction. A review of said photographs reveals that the fresh cuts substantially altered the habit of the trees by destroying their natural symmetry. In view of the foregoing and since defendant acknowledged that he did not have a *57 permit for such substantial alteration, the evidence, when viewed in the light most favorable to the People, was legally sufficient to establish defendant’s guilt of violating section 190-3.2 (A) of the Code beyond a reasonable doubt (see People v Contes, 60 NY2d 620 [1983]).
Defendant’s conviction for failing to obey two previously issued stop work orders (Code of Village of Thomaston § 91-14) should be reversed and the information dismissed. Section 91-14 of the Code provides, as relevant herein, that when a code officer has reasonable grounds to believe that work on any building or structure has been done in violation of the applicable building laws, ordinances or regulations, he shall issue a stop work order and upon issuance of such order, all work and building activities shall be suspended. Said section further provides that the stop work order shall be in writing and state the reason for such order.
In the case at bar, the stop work orders required that defendant, who admittedly did not obtain a building permit, cease all work relating to the alteration of his driveway and the trimming of the Village trees as said work was in violation of section 91-9 (A) of the Code. Section 91-9 (A) states that no person shall commence
“the erection, construction, enlargement, alteration, roof replacement, removal, improvement, demolition, conversion or change in the nature of the occupancy of any building or structure, or cause the same to be done, without first obtaining a separate building permit from the Code Official for each such building or structure, except that no building permit shall be required for the performance of ordinary repairs which are not structural in nature.”
Neither the trimming of the trees nor the excavation of the land for the driveway constituted work upon a building or structure. Thus, the work undertaken by defendant did not require a building permit pursuant to section 91-9 (A) of the Code. Accordingly, since defendant was in fact not violating section 91-9 (A) of the Code, the section upon which the stop work order was based, the judgment convicting him of violating section 91-14 of the Code should be reversed and the accusatory instrument dismissed (see People v Halpern, 12 Misc 3d 134[A], 2006 NY Slip Op 51197[U] [App Term, 9th & 10th Jud Dists 2006]; People *58 v Lewin, 11 Misc 3d 131[A], 2006 NY Slip Op 50316[U] [App Term, 9th & 10th Jud Dists 2006]).
Rudolph, EJ., McCabe and Tanenbaum, JJ., concur.